UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

DOUGLAS P. BUSH, CHARLES E. MORSE,
THOMAS G. JOHNSON, HAROLD J. BROOKS,
STEVEN J. BOYD, JEFFERY S. GIBSON,
JOHN H. McGHAN, FRANKLIN E. CAREY,
MANUAL O. CATANO, WILLIAM T. FOY,
HARRY L. PAPKE, CRAIG E. RUMSEY,
RICHARD J. WALSH, JOHN P. SAMPSON,
RODGER RASNICK, MICHAEL WALLACE,
JEFFERY L. DUMONT, LEROY D. BOYER,
STEWART F. GATES, and WILLIE JAMES, JR.,

          Petitioners,

v.                                 Case No. 05-CV-72050-DT

THE STATE OF MICHIGAN,
THE MICHIGAN DEPARTMENT OF CORRECTIONS,
and THE MICHIGAN PAROLE BOARD,

          Respondents.
_____/

## ORDER OF DISMISSAL

### I.  INTRODUCTION

Petitioners are state inmates.  They have filed a *pro se* petition for the writ of habeas corpus under 28 U.S.C. § 2254.  The petition purports to be a class action against the State of Michigan, the Michigan Department of Corrections, and the Michigan Parole Board.  Petitioners allege that the Michigan Department of Corrections and Michigan Parole Board have a policy of keeping prisoners incarcerated to increase the prison population and the number of correctional employees, to maximize their share of the State's budget, and to have more political power.  Petitioners maintain that

the Michigan Parole Board accomplishes these goals by: failing to exercise its discretion on a case-by-case basis; denying parole without providing a substantial and compelling reason; failing to disclose a prisoner's good conduct; recommending work, but failing to consider a prisoner's work record when making its parole decisions; using a prisoner's criminal offense as a reason to deny parole; and creating the presumption that the commission of a crime is the equivalent of mental illness.

According to Petitioners, Respondents have violated state and federal law, and their methods of operation are evidence of a pattern of corrupt activity, which violates the Racketeer Influenced and Corrupt Organizations Act (RICO), 18 U.S.C. §§ 1961-1968.  Petitioners contend that Respondents have denied them parole and at the same time deprived the public of money for schools, public services, and social programs.  Petitioners seek unconditional release from confinement, not release on parole, and restitution at a rate of $2,500.00 per day.

## II.  DISCUSSION

The court need not determine whether a class action is available in habeas, because the alleged violations of state law and policy are not cognizable claims on habeas review.  A federal court may grant the writ of habeas corpus only if the petitioner is in custody in violation of the Constitution or laws or treaties of the United States.  28 U.S.C. § 2254(a); *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).  "[F]ederal habeas corpus relief does not lie for errors of state law." *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990).

Furthermore, the habeas petition is a rambling commentary on the perceived corruptness of the Michigan Department of Corrections and Michigan Parole Board. Although Petitioners have attached copies of parole board decisions to their petition,

2

they have not demonstrated how each petitioner is in custody in violation of federal law.

The alleged violations of RICO are frivolous because "'government entities are incapable of forming [the] malicious intent' necessary to support a RICO action." *Robinson v. California Board of Prison Terms*, 997 F. Supp. 1303, 1307 (C.D. Cal. 1998) (quoting *Pedrina v. Chun*, 97 F.3d 1296, 1300 (9th Cir. 1996) (quoting *Lancaster Community Hosp. v. Antelope Valley Hosp.*, 940 F. 2d 397, 404 (9th Cir. 1991)). In addition, Petitioners have no right to money damages.

> If a state prisoner is seeking damages, he is attacking something other than the fact or length of his confinement, and he is seeking something other than immediate or more speedy release – the traditional purpose of habeas corpus. In the case of a damages claim, habeas corpus is *not* an appropriate or available federal remedy.

*Preiser v. Rodriguez*, 411 U.S. 475, 494 (1973) (emphasis in original).

The court will not construe the pleading as a civil rights action, despite allegations about the interception of mail, the inadequacy of the law library, and the limits on telephone calls, because the Eleventh Amendment generally bars civil rights actions against a state and its departments. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Thiokol Corp. v. Dep't. of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993).

### III.  CONCLUSION

For all the foregoing reasons, the application for a writ of habeas corpus is DISMISSED summarily.

                                              S/Robert H. Cleland  
                                              ROBERT H. CLELAND  
                                              UNITED STATES DISTRICT JUDGE

Dated: July 20, 2005

I hereby certify that a copy of the foregoing document was mailed to counsel of record on this date, July 20, 2005, by electronic and/or ordinary mail.

                                          S/Lisa G. Teets
                                          Case Manager and Deputy Clerk
                                          (313) 234-5522